```
 UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MATTHIAS HAKER,
```

             *Plaintiff,*                  **MEMORANDUM & ORDER**
                                                20-cv-1499

    -against-

```
TENTREE INTERNATIONAL INC.,
```

             *Defendant.*
```
----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

       Mathias Haker ("Plaintiff") commenced this action on March 20, 2020, alleging that Defendant Tentree International Inc. ("Tentree" or "Defendant"), without authorization, reproduced and published a copyrighted photograph of Berlin, Germany ("the Photograph"), owned and registered by Plaintiff, in violation of Section 501 of the Copyright Act ("the Act"), 17 U.S.C. § 501.  (*See* ECF No. 1, Complaint ("Compl."); ECF No. 1-1, Exhibit A, the Photograph.)  On December 28, 2020, an entry of default was entered against the Defendant.  (ECF No. 13, Clerk's Entry of Default.)  Upon Defendant's failure to appear, answer, or respond to the Complaint, Plaintiff now moves for default judgment, statutory damages, and costs.  For the reasons set forth below, Plaintiff's motion for default judgment is **GRANTED.**

**BACKROUND**

I.     **Facts**

Where a defendant defaults, a court must accept the plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187-88 (2d Cir. 2015).  The Court consequently accepts Plaintiff's well-pleaded factual allegations as true for the purpose of reviewing its motion for default judgment.

Plaintiff is a Germany-based professional photographer who is "in the business of licensing his photographs for a fee." (Compl. at ¶ 5.)  Defendant owns and operates a website at the URL: www.Tentree.com ("the website"), and does business in New York and California.  (*Id*. at ¶ 6.)  Defendant allegedly printed Plaintiff's photograph, without authorization from Plaintiff, in an article titled "*The 10 most ecofriendly cities*," posted on Defendant's website.  (*Id*. at ¶ 10; ECF No. 1-2, Exhibit B.) Plaintiff owns all rights to the Photograph and had registered the Photograph with the U.S. Copyright Office under Copyright Registration Number VA 2-069-125. (*Id*. at ¶¶ 8-9.)

## II.  Procedural History

Plaintiff filed the instant action on March 20, 2020, and thereafter properly served the Summons and Complaint on Defendant. (Compl.; ECF No. 2, Summons Issued as to Tentree; ECF No. 7, Summons Returned Executed as to Tentree.)  On November 23, 2020, Magistrate Judge Gold directed Plaintiff to seek an entry of default by December 21, 2020 and move for default judgment within two weeks of the entry of default.  (Dkt. Order 11/23/2020.)  On December 21, 2020, Plaintiff requested a certificate of default. (ECF No. 10, Request for Certificate of Default.)  On December 28, 2020, the Clerk of Court entered the Certificate of Default.  (ECF No. 13, Certificate of Default.)  On January 11, 2021, Plaintiff filed a motion for default judgment.  (ECF No. 14, Motion for Default Judgment.)  Defendant was served with the Motion for Default Judgment on March 18, 2021.  (ECF No. 18, Certificate of Service.)  To date, Defendants have not answered, or otherwise responded to Plaintiff's Complaint, or motion for entry of default judgment.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, a movant must complete a two-step process to obtain a default judgment. *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011); *La Barbera v. Fed. Metal & Glass Corp.*, 666 F.

Supp. 2d 341, 346-47 (E.D.N.Y. 2009).  First, the Clerk of the Court must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).  Second, upon the Clerk's entry of default, the movant "may then make an application for entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)."  *Rodriguez*, 784 F. Supp. 2d at 123.  "'The court is to exercise sound judicial discretion' in determining whether the entry of default judgment is appropriate." *Trs. of Local 7 Tile Indus. Welfare Fund v. City Tile, Inc.*, No. 10-CV-322, 2011 WL 917600, at *1 (E.D.N.Y. Feb. 18, 2011) (quoting *Badian v. Brandaid Commc'ns Corp.,* No. 03-CV-2424, 2004 WL 1933573, at *2 (S.D.N.Y. Aug. 30, 2004)), *adopted by* 2011 WL 864331 (E.D.N.Y. Mar. 10, 2011). "In evaluating a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), the [c]ourt must accept as true the well-pleaded allegations in the complaint," except those relating to damages. *Id.* at *2 (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 154–55 (2d Cir. 1999)).

Here, the Clerk of the Court entered a default against Defendant on December 28, 2020, and Plaintiff thereafter filed the unopposed motion for default judgment presently before the

court.  As previously noted, Defendant has been properly served
with the summons and complaint, (*see* ECF No. 2, Summons Issued
as to Tentree; ECF No. 7, Summons Returned Executed as to
Tentree), and with the motion for default judgment. (ECF No. 18,
Certificate of Service.)  Defendant has neither appeared, nor
moved to vacate the Clerk's entry of default, nor opposed the
motion for default, despite being provided notice.
Consequently, Plaintiff has completed the necessary steps to
obtain a default judgment.  *See Bricklayers Ins. & Welfare Fund
v. David & Allen Contracting, Inc.*, No. 05-CV-4778, 2007 WL
3046359, at \*2 (E.D.N.Y. Oct. 16, 2007) ("In civil actions, when
a party fails to appear after given notice, the court normally
has justification for entering default.") (citing *Bermudez v.
Reid,* 733 F.2d 18, 21 (2d Cir. 1984)).

## DISCUSSION

### I.   Liability

        Defendants' default in this case, however, "does not
necessarily conclusively establish . . . defendant[s'] 
liability."  *Trs. of the Plumbers Local Union No. 1 Welfare Fund
v. Philip Gen. Constr.*, No. 05-CV-1665, 2007 WL 3124612, at \*3
(E.D.N.Y. Oct. 23, 2007).  As such, this court "must still
determine whether . . . plaintiff has stated a cause of action."
*Bd. of Trs. of the UFCW Local 174 Pension Fund v. Jerry WWHS*

*Co.*, No. 08-CV-2325, 2009 WL 982424, at *3 (E.D.N.Y. Apr. 10,

2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65

(2d Cir. 1981)); *Philip Gen. Constr.*, 2007 WL 3124612, at *3

("Nevertheless, '[e]ven after default it remains for the court

to consider whether the unchallenged facts constitute a

legitimate cause of action, since a party in default does not

admit mere conclusions of law.'" (alteration in original)

(quoting *In re Wildlife Ctr., Inc.*, 102 B.R. 321, 325 (Bankr.

E.D.N.Y. 1989))).

Here, Plaintiff's Complaint alleges that Tentree

violated §§ 106 and 501 of the Act.  (Compl. at ¶ 14.)  The

relevant subsections of the Act vest the owner of a copyright

with:

> the exclusive rights to do and to authorize any
> of the following: (1) to reproduce the
> copyrighted work in copies or phonorecords; (2)
> to prepare derivative works based upon the
> copyrighted work; (3) to distribute copies or
> phonorecords of the copyrighted work to the
> public by sale or other transfer of ownership,
> or by rental, lease, or lending....

17 U.S.C. § 106(1)-(3).

"Copyright infringement is a strict liability offense

in the sense that a plaintiff is not required to prove unlawful

intent or culpability."  *EMI Christian Music Grp., Inc. v.

MP3tunes, LLC*, 844 F.3d 79, 89 (2d Cir. 2016); *see also Cartoon*

*Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 130 (2d

Cir. 2008); *Shapiro, Bernstein & Co. v. H. L. Green Co.*, 316

F.2d 304, 308 (2d Cir. 1963).  In order to establish copyright

infringement, "two elements must be proven: (1) ownership of a

valid copyright, and (2) copying of constituent elements of the

work that are original."  *Feist Publications, Inc. v. Rural Tel.*

*Serv. Co.*, 499 U.S. 340, 358 (1991).

Ownership of a valid copyright "can be established by

the introduction into evidence of a Copyright Office certificate

of registration," which is sufficient to establish validity for

the purpose of default judgment.  *Pasatieri v. Starline Prods.*,

Inc., No. 18-CV-4688 (PKC)(VMS), 2020 WL 207352, at *2 (E.D.N.Y.

Jan. 14, 2020); *see also Sheldon v. Plot Commerce, No. 15-CV-*

*5885* (CBA) (CLP), 2016 WL 5107072, at *11-12 (E.D.N.Y. Aug. 26,

2016) (internal quotation omitted), *report and recommendation*

*adopted*, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016).  Here,

Plaintiff submitted the Certificate of Registration for the

Photograph with an effective date of registration of September

12, 2017.  (ECF No. 16-4, Certificate of Registration.)  The

Certificate lists the author of the Photograph as Plaintiff,

Matthias Haker.  (*Id.*)  Based on the Certificate of

Registration, the Court has determined that Plaintiff has

established ownership of a valid copyright for the Photograph.

In order to establish the second element of

originality, "the burden is minimal."  *Sheldon v. Plot Com.*,

2016 WL 5107072, at *11 (E.D.N.Y. Aug. 26, 2016), *report and*

*recommendation adopted*, 2016 WL 5107058 (E.D.N.Y. Sept. 19,

2016).  "Originality does not mean that the work for which

copyright protection is sought must be either novel or unique

.... [I]t simply means a work independently created by its

author, one not copied from pre-existing works, and a work that

comes from the exercise of the creative powers of the author's

mind, in other words, 'the fruits of [the author's] intellectual

labor.'"  *Boisson v. Banian. Ltd*., 273 F.3d 262, 268 (2d Cir.

2001) (quoting *In re Trade-Mark Cases*, 100 U.S. 82, 94 (1879)).

"The necessary originality for a photograph may be founded upon,

among other things, the photographer's choice of subject matter,

angle of photograph, lighting, determination of the precise time

when the photograph is to be taken, the kind of camera, the kind

of film, the kind of lens, and the area in which the pictures

are taken."  *Eastern Am. Trio Products. Inc. v. Tang Elec.*

*Corp*., 97 F. Supp. 2d 395, 417 (S.D.N.Y. May 3, 2000); *see also*

*Korzeniewski v. Sapa Pho Vietnamese Rest. Inc*., No. 17-CV-5721

(MKB) (SJB), 2019 WL 312149, at *6 (E.D.N.Y. Jan. 3, 2019)

("Photographs are often found to be original works."), *report*

*and recommendation adopted*, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019).

The originality of Plaintiff's Photograph has been established through his well-pleaded, uncontested allegations in the Complaint. Plaintiff alleges that he is the author of the Photograph," (Compl. at ¶ 8), and that he "photographed Berlin, Germany." (*Id*. at ¶ 7.) Plaintiff also alleges that "Tentree International did not license the Photograph from Plaintiff for its article, nor did Tentree International have Plaintiff's permission or consent to publish the Photograph on its Website." (*Id*. ¶ 11.) Lastly, Plaintiff argues that he "exercised a personal choice in the selection of the subjects; choice of his own professional camera equipment; and determination of the precise time when the photograph was taken." (ECF No. 15, Memorandum in Support at 6.) Accordingly, the Court finds that Tentree is liable for copyright infringement under § 106 of the Act.

## II. Damages

As previously noted, in the context of a motion for default judgment, allegations pertaining to liability are deemed admitted, but those pertaining to damages must be proven by the movant. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is

deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). After liability is determined, damages must be established "to a 'reasonable certainty.'" *Duro v. BZR Piping & Heating Inc.*, No. 10-CV-879, 2011 WL 710449, at *2 (E.D.N.Y. Jan. 26, 2011) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)), *adopted by* 2011 WL 744156 (E.D.N.Y. Feb. 22, 2011). The court need not hold a hearing to determine damages "as long as it [has] ensured that there [is] a basis for damages specified in the default judgment." *Id.* (alterations in original). When evaluating damages, the court "may rely on affidavits or documentary evidence." *Id.* (citing *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d. Cir. 1993); *Chun Jie Yin v. Kim*, No. 07-CV-1236, 2008 WL 906736, at *2 (E.D.N.Y. Apr. 1, 2008)).

Once liability for infringement has been established under the Act, a plaintiff can elect to pursue either actual or statutory damages. *See Renna v. Queens Ledger/Greenpoint Star Inc.*, No. 17-CV-3378 (DRH) (SIL), 2019 WL 1061259, at *4 (E.D.N.Y. Feb. 13, 2019) (citing *Twin Peaks Prods., Inc. v. Publ'ns Int'l*, 996 F.2d 1366, 1380 (2d Cir. 1993)), *report and recommendation adopted*, 2019 WL 1062490 (E.D.N.Y. Mar. 6, 2019). Plaintiff requested in his Complaint that the Court award either "(a)

Plaintiff's actual damages and Defendant's profits, gains or

advantages of any kind attributable to Defendant's infringement of

Plaintiff's Photograph; or b) alternatively, statutory damages of

up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C.

§ 504." (Compl. at Prayer for Relief, ¶ 2.) However, upon

Defendant's default, Plaintiff revised his request to consist of

"$7,500 in statutory damages;" "$420.00 in attorneys' fees and

$440.00 in costs;" and "post-judgment interest." (ECF No. 14,

Notice of Motion for Default Judgment.)

### A.    Statutory Damages

Section 504 of the Act provides for damages awards in

cases of copyright infringement. "[A]n infringer of copyright is

liable for either the copyright owner's actual damages and any

additional profits of the infringer ... or statutory damages."

17 U.S.C. 504(a). Section 504 and the cases in the Second

Circuit interpreting the statute have established that the

victim of a copyright infringement is entitled to elect damages

based on the actual damages suffered, plus additional profits,

or may elect statutory damages to be awarded within certain

specified time limits. *See Peaks Prods., Inc. v. Publications*

*Int'l*, 996 F.2d 1366, 1380 (2d Cir. 1993) (permitting plaintiff

to elect statutory remedy where actual damages were not

ascertainable); *see also Aleshouse v. Ultragraphics, Inc.*, 754

F.2d 467, 469 (2d Cir. 1985); *Engel v. Wild Oats, Inc.*, 644 F.

Supp. 1089, 1091 (S.D.N.Y. 1986).

Here, Plaintiff has elected to recover statutory

damages under the Copyright Act.  17 U.S.C. § 504(c); (ECF No.

15, Plaintiff's Memorandum, ("Pl. Mem.") at 10.)  Pursuant to

the Act, the Court may award statutory damages of not less than

$750 and not more than $30,000, as the court deems just.  17

U.S.C. § 504(c)(1).  In addition, the Act authorizes an award of

enhanced damages of not more than $150,000 where the violation

was willful.  17 U.S.C. § 504(c)(2).  "When determining the

amount of statutory damages to award for copyright infringement,

courts consider: (1) the infringer's state of mind; (2) the

expenses saved, and profits earned, by the infringer; (3) the

revenue lost by the copyright holder; (4) the deterrent effect

on the infringer and third parties; (5) the infringer's

cooperation in providing evidence concerning the value of the

infringing material; and (6) the conduct and attitude of the

parties."  *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144

(2d Cir. 2010); *see also N.A.S. Impor. Corp. v. Chenson Enter.,*

*Inc.*, 968 F.2d 250, 252–53 (2d Cir.1992).

With respect to the first factor, the infringer's

state of mind, "[c]opyright infringement is deemed willful by

virtue of a defendant's default."  *Rovio Entm't, Ltd. v. Allstar*

*Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015); *accord Seelie v. Original Media Grp. LLC*, No. 19-CV-5643 (BMC), 2020 WL 136659, at *4 (E.D.N.Y. Jan. 13, 2020). As to the remaining factors, Plaintiff addresses only the fourth factor, the need to deter wrongful conduct, and cites to several Second Circuit cases which address the fourth element of deterrence. Plaintiff fails to assess Plaintiff's loss of revenues or Defendant's profits, asserting that he need not do so. (Pl. Mem. at 17-18.) As United States District Court Judge Pamela Chen noted in *Balhetchet v. Su Caso Mktg. Inc.*, "[p]laintiff's counsel, Richard Liebowitz[1], has an extensive record in this Circuit of requesting the maximum amount of statutory damages without sufficiently developing the record in order to establish a basis for the requested amount." *Balhetchet v. Su Caso Mktg. Inc.*, 2020 WL 4738242, at *4 (E.D.N.Y. Aug. 14, 2020) (citing *Bass v. Diversity Inc. Media*, No. 19-CV-2261 (AJN), 2020 WL 2765093, at *4 (S.D.N.Y. May 28, 2020); *Jerstad v. N. Y. Vintners LLC*, No. 18-CV-10470 (JGK) (OTW), 2019 WL 6769431, at *2-3 (S.D.N.Y. Dec.

---

[1] The Court notes that Plaintiff's original counsel of record was Richard Liebowitz, but he was replaced by Liebowitz's associate, James H. Freeman, when Judge Gold ordered Mr. Liebowitz to alert his client of the reciprocal discipline imposed by the Eastern District of New York based on *Usherson v. Bandshell Artist Mgmt.*, No. 19-CV-6368 (JMF), 2020 WL 3483661 (S.D.N.Y. June 26, 2020), *aff'd in part sub nom. Liebowitz v. Bandshell Artist Mgmt.*, No. 20-2304, 2021 WL 2620416 (2d Cir. June 25, 2021), and *aff'd sub nom. Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267 (2d Cir. 2021). (Dkt. Order 12/4/2020.)

12, 2019), *report and recommendation adopted*, 2020 WL 58237

(S.D.N.Y. Jan. 6, 2020); *Mantel v. Smash.com Inc.*, No. 19-CV-

6113 (FPG), 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019).

Though Plaintiff asserts that "the Court does not need

to assess Plaintiff's loss of revenues or Defendant's profits to

calculate an award," "such evidence allows a court to determine

a fair award that would adequately compensate the copyright

holder while also deterring potential infringers." *Balhetchet

v. Su Caso Mktg. Inc.*, 2020 WL 4738242, at *4 (E.D.N.Y. Aug. 14,

2020). Here, without evidence of the loss of revenue or

defendant's profits, the Court may infer that any revenue lost

by Plaintiff and profits by Defendant are *de minimis*. *See Bass

v. Diversity Inc. Media*, No. 19-CV-2261 (AJN), 2020 WL 2765093,

at *4 (S.D.N.Y. May 28, 2020). The Court therefore fixes the

amount of statutory damages for the Copyright Act violation at

$1,000. This amount is "above the statutory minimum, to account

for the willful actions of Defendant and the need to deter

others, but well below the statutory maximum given the dearth of

other evidence." *Dermansky v. Tel. Media, LLC*, 2020 WL 1233943,

at *6 (E.D.N.Y. Mar. 13, 2020) (finding that, as is the case

here, because there was "only one alleged act of infringement,

there are no cease-and-desist letters, there are no requests for

injunctive relief, and there is no evidence of any actual harm,"
the Court fixed the statutory damages amount at $1,000.)

## B. Attorney's Fees and Costs

Plaintiff requests that this Court award $420.00 in
attorney's fees pursuant to 17 U.S.C. § 505.  (ECF No. 16,
Declaration in Support of Motion for Default Judgment, at ¶ 18.)
In the copyright context, "the Court's discretion to award costs
is governed by § 505 of the Act rather than the more general
cost-shifting provision."  *Balhetchet v. Su Caso Mktg. Inc.*,
2020 WL 4738242, at *5 (E.D.N.Y. Aug. 14, 2020) (citing *Barrera
v. Brooklyn Music, Ltd.*, 346 F. Supp. 2d 400, 404–05 (S.D.N.Y.
2004).  Although "there is no precise rule or standard, [ ]
courts look to a non-exhaustive list of factors including
'frivolousness, motivation, objective unreasonableness (both in
the factual and in the legal components of the case) and the
need in particular circumstances to advance considerations of
compensation and deterrence.'"  *Reilly v. Com.*, 2016 WL 6837895,
at *1 (S.D.N.Y. Oct. 31, 2016) (quoting *Mahan v. Roc Nation*,
LLC, No. 14-CV-5075 (LGS), 2015 WL 4388885, at *1 (S.D.N.Y. July
17, 2015)).  Defendant has failed to appear, answer, or offer a
defense to Plaintiff's claims; hence, attorney's fees should be
awarded based on the factors above.  *See id.*

15

Courts in this Circuit use the "lodestar" method for calculating reasonable attorney's fees. *See Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006); *Downs v. Yeshiva World News, LLC*, No. 18-CV-250 (LDH)(JO), 2019 WL 1261406, at *3. Under the lodestar method, "fees are determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Baker*, 431 F. Supp. 2d at 360. Thus, the lodestar method requires the court to consider first, the reasonableness of counsel's hourly rate and second, the reasonableness of the number of hours expended by counsel on the case.

Plaintiff's counsel is an associate at Liebowitz Law Firm, PLLC, and has been "admitted to practice for almost twenty years." (ECF No. 16, Declaration in Support of Motion for Default Judgment at ¶ 19.) Mr. Freeman states that he has "substantial experience in litigating copyright enforcement actions, having appeared in more than 350 federal lawsuits involving copyright disputes." (*Id*.) Mr. Freeman's hourly rate is listed at $350.00 per hour and he cites to *Mango v. BuzzFeed, Inc.*, 397 F. Supp. 3d 368, 377 (S.D.N.Y. 2019) to support the notion that other courts have accepted his hourly rate. (*Id*.) Mr. Freeman lists the total number of hours that he worked on this case as 1.2 hours, totaling $420.00. (*Id*.) This Court

finds that Mr. Freeman qualifies as a "senior associate" and that his hourly rate and the number of hours he worked on the motion for default judgment, totaling *only* 1.2 hours, are reasonable.   Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff. *See, e.g.*, *Rodriguez v. Yayo Rest. Corp.*, 2019 WL 4482032, at *8 (E.D.N.Y. Aug. 23, 2019), *report and recommendation adopted*, 2019 WL 4468054 (E.D.N.Y. Sept. 18, 2019); *Elvey v. Silver's Crust W. Indian Rest. & Grill, Inc.*, 2019 WL 3937126, at *15 (E.D.N.Y. July 3, 2019); *Hernandez v. Delta Deli Mkt. Inc.*, 2019 WL 643735, at *4 (E.D.N.Y. Feb. 12, 2019).

        Plaintiff also requests $440 in costs, which includes the court filing fee and the fee for service of process.   (ECF No. 16, Declaration in Support of Motion for Default Judgment at ¶ 19.)   Although Plaintiff does not document the filing fee, the Court may take judicial notice of it.   *See* Court Fees, (December 1, 2020) https://www.nyed.uscourts.gov/court-fees; *see also Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO by Callahan v. Coastal Env't Grp. Inc.*, No. 18-CV-5791-LDH-SJB, 2019 WL 5693916, at *12 (E.D.N.Y. Aug. 30, 2019)

17

("filing fees are recoverable without supporting documentation"); *see also Joe Hand Promotions v. Elmore*, No. 11 CV 3761, 2013 WL 2352855 at *12 (E.D.N.Y. May 29, 2013) (taking judicial notice of the filing fee for this court). However, the Court cannot award process server fees because they must be supported by documentation and, here, Mr. Freeman only requests the process server fees in his declaration, but does not attach a receipt for the service. *See Martinez v. Alimentos Saludables Corp.*, No. 16-CV-1997, 2017 WL 5033650, at *29 (E.D.N.Y. Sept. 22, 2017) ("[F]ailure to provide adequate documentation of costs incurred will limit, or even defeat, recovery."), *report and recommendation adopted*, Order Adopting R. & R. dated Oct. 18, 2017; *Sheldon v. Plot Commerce*, No. 15-CV-5885, 2016 WL 5107072, at *20 (E.D.N.Y. Aug. 26, 2016) (recommending the costs for serving defendant "be denied due to lack of adequate documentation"), *report and recommendation adopted*, 2016 WL 5107058 (Sept. 19, 2016). Therefore, Plaintiff will only be awarded $402 for the filing fee.

**C. Post Judgment Interest**

Pursuant to 28 U.S.C. § 1961, "the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir.

2017) (internal quotation marks and citation omitted).  As such, post-judgment interest shall accrue at the federal statutory rate from the entry of judgment until the judgment is paid in full.  28 U.S.C. § 1961.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for default judgment against Defendant and respectfully directs the Clerk of the Court to enter judgment in favor of Plaintiff, in the total amount of $1,822, comprised of statutory damages in the amount of $1,000, attorney's fees in the amount of $420, and costs in the amount of $402.  Additionally, post-judgment interest shall accrue at the federal statutory rate from the entry of judgment until the judgment is paid in full.  28 U.S.C. § 1961. The Clerk of the Court is respectfully requested to close this case.  Plaintiff is ordered to serve a copy of this Memorandum and Order and the judgment on the Defendant and file a declaration of service once the Clerk of Court enters judgment.

**SO ORDERED.**


Dated:     August 31, 2021
           Brooklyn, New York

                                    _____/s/_____
                                    KIYO A. MATSUMOTO
                                    United States District Judge
                                    Eastern District of New York


19